# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEROY ALFORD,

          Appellant,

    v.

DEPARTMENT OF DEFENSE,

          Agency.

DOCKET NUMBERS
DC-0752-08-0070-A-5
DC-0432-09-0770-A-2

DATE: January 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John J. Rigby</u>, Esquire, Arlington, Virginia, for the appellant.

<u>Robert H. Schapler</u>, Esquire, and  <u>William Christopher Horrigan</u>,
    Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The agency has petitioned for review of two initial decisions granting the appellant's motions for attorney fees originating from two separate petitions for appeal.  *See Alford v. Department of Defense*, MSPB Docket No. DC-0752-09-

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

0770-A-2 (A-2), Initial Decision (June 6, 2013); A-2, Petition for Review (PFR) File, Tab 1; *Alford v. Department of Defense*, MSPB Docket No. DC-0752-08-0070-A-5 (A-5), Initial Decision (June 18, 2013); A-5, PFR File, Tab 1. For the reasons set forth below, we VACATE the initial decisions and DISMISS the motions for attorney fees as settled.

¶2 After the agency filed the referenced petitions for review, the parties submitted a document entitled "VOLUNTARY STIPULATION OF SETTLEMENT AND AGREED ORDER OF DISMISSAL" executed by the parties on July 16, 2013. A-5, PFR File, Tab 3. The document provides, among other things, for the appellant to "[w]ithdraw with prejudice all cases Appellant has outstanding with the Merit Systems Protection Board . . . ." *Id*., ¶ 3(b).[2]

¶3 Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend

---

[2] We note that the parties disagree over interpretation of the withdrawal provision in this global settlement agreement. A-5, PFR File, Tabs 1-2, 5-10. In our view, the plain meaning of the language in this agreement requires the appellant, and not the agency, to withdraw all pending matters before the Board. A-5, PFR File, Tab 3, ¶ 3(b). At the time the settlement agreement was executed, the appellant's attorney fee motions were in dispute through the agency's filing of petitions for review of these decisions and the Board had not issued a final decision on these petitions. Thus, the appellant's attorney fee motions were still pending. To the extent that the parties believe there remains noncompliance with terms in this settlement agreement, they may exercise the right to address those matters in a petition for enforcement or as a separate petition for review requesting vacature of the underlying settlement agreement based on fraud, misrepresentation or mutual mistake. *See* 5 C.F.R. § 1201.183. We note, moreover, that the parties elected not to include unequivocal language in the settlement agreement specifically stating whether they wanted the Board to vacate the initial decisions and dismiss the motions for attorney fees as settled or, as the appellant urges, to only dismiss the petitions for review. *See* A-5, PFR File, Tabs 1, 7. In the absence of clearly stated language in the settlement agreement, the Board will interpret a disputed provision first according to the plain meaning of the words set out. *Knight v. Department of the Treasury*, 113 MSPR 548, 554 (2010). In construing the terms of a settlement agreement, the words of the agreement itself are of paramount importance and must be read as part of an organic whole, according reasonable meaning to all of the contract terms to identify and give weight to the spirit or essence of the contract as intended by the parties. *Id*.

to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. *See* MSPB Docket No. DC-0432-13-0390-I-1, Initial Appeal File, Tab 52 (Hearing Compact Disc).

¶4 In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction, that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of this appeal—the performance based removal of a full time employee in the federal service—is within the Board's jurisdiction under 5 U.S.C. §§ 4303 and 7701. *See* MSPB Docket No. DC-0752-09-0770-I-4, Initial Appeal File, Tab 3, Subtab 4(b). Accordingly, we find that dismissal of the motions for attorney fees "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) and vacating the initial decisions under which they are based is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶5 This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113)

**NOTICE TO THE PARTIES OF THEIR
ENFORCEMENT RIGHTS**

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the

petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.